IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

**CHERYL QUINN CUMMINGS**     **PLAINTIFF**

**VS.**     **CIVIL CASE NO.: 1:20-cv-91-GHD-JMV**

**COMMISSIONER OF SOCIAL SECURITY**     **DEFENDANT**

## ORDER DIRECTING FILING OF BRIEFS

This action to review the final decision of the Secretary of Health and Human Services has been referred to the undersigned for review and report and recommendations under 28 U.S.C. §636(b) and L.U.Civ. R. 2, and defendant now has filed an answer, together with a certified copy of the transcript of the administrative proceedings. It is, therefore,

**ORDERED**

(1)    Counsel (or plaintiff if unrepresented) must confer and respond as ordered by the court regarding consent to the jurisdiction of the magistrate judge.

(2)    Counsel (or plaintiff) must submit memorandum briefs in accordance with the following requirements:

(a) Plaintiff must file and serve within 30 days from this date a memorandum brief setting forth all errors which plaintiff contends entitle plaintiff to relief. The brief must contain the following under the appropriate headings:

    (i) A statement of the exact issues presented for review, set forth in separate numbered paragraphs.

    (ii) A statement of the case. This statement must indicate briefly the course of the proceeding and its disposition at the administrative level and set forth a general statement of the facts. This statement of facts must include plaintiff's age, education and work experience; a summary of the physical and mental impairments alleged; a brief outline of the medical evidence; and a brief summary of other evidence of record. Each statement of fact must be supported by reference to the

court docket number, docket exhibit number and page number in the searchable page navigation toolbar of the PDF reader [NOT the Administrative Record page



number] where the evidence may be found (see example below).

(iii) An argument. The argument may be preceded by a summary. The argument must be divided into sections separately treating each issue and must set forth plaintiff's contentions relating to the issues presented and reasons for those contentions. Each contention must be supported by specific reference to the portion of the federal court record relied upon and by citations to statutes, regulations and cases supporting plaintiff's position. Cases from other districts and circuits should be cited only in conjunction with relevant cases from this jurisdiction or if authority on point from this jurisdiction does not exist. Citations to unreported district court opinions must be accompanied by a copy of the opinion. If plaintiff has moved for remand to the Secretary for further proceedings, the argument in support must set forth good cause for remand. Furthermore, if the remand is for the purpose of taking additional evidence, plaintiff must attach that evidence to the brief; if the evidence is in the form of a consultative examination sought at government expense, plaintiff must proffer the nature of the evidence counsel believes will be obtained.

(iv) A short conclusion stating the relief sought.

(b) The issues before the court are limited to the exact issues properly raised in the briefs. Any issue raised in the briefs but not discussed at oral argument, if one is held, will be deemed abandoned.

(c) Within 30 days after service of plaintiff's brief, defendant must serve and file a brief which responds specifically to each issue raised by plaintiff. Defendant's brief must conform to the requirements set forth above for plaintiff's brief, except that a statement of the issues and a statement of the case need not be made unless defendant is dissatisfied with plaintiff's statement.

(d) Plaintiff may file a serve a brief in reply to the defendant's brief within 14 days of service of defendant's brief.

(3)    Unless otherwise ordered, oral argument will be held in this action before the undersigned

Magistrate Judge Jane M. Virden in Courtroom 2, Third Floor, United States Courthouse, Greenville, Mississippi, and/or by video conference from the U.S. Attorney's Office in Oxford, Mississippi, on a date and time to be determined. At oral argument counsel must be fully prepared to argue the facts, issues and legal contentions in this case.

THIS, the 22nd day of September, 2020.

                                          /s/ Jane M. Virden
                                        **UNITED STATES MAGISTRATE JUDGE**